UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **Innovative Sports Management, Inc. t/a Integrated Sports Media**<br>720 Monroe Street, Suite E303<br>Hoboken, NJ 07030<br><br>Plaintiff<br><br>VS.<br><br>**El Patio International, Inc. t/a El Patio Restaurant t/a El Patio**<br>5240 Randolph Road<br>Rockville, MD 20852<br><br>SERVE ON RESIDENT AGENT:<br>Guillermo Ribulotta<br>1408 Winding Waye Lane<br>Silver Spring, MD 20902<br><br>**Defendant** | Case No. |

## COMPLAINT

Innovative Sports Management, Inc. t/a Integrated Sports Media, Plaintiff, by Kind & Dashoff, LLC, Richard M. Kind, Esquire, Amy Keller, Esquire and Erica M. Cook, Esquire, and for its Complaint herein alleges as follows:

### JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, 47 U.S.C. 605, <u>et seq.</u>, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S. Section 553, <u>et seq.</u>

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendant's wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial distributor of the televised soccer program hereinafter set forth at length. The Defendant's wrongful acts consisted of the interception and tortuous conversion of said property of Plaintiff within the control of the Plaintiff in the State of Maryland.

## VENUE

4. Pursuant to 47 U.S.C. Section 605, venue is proper in the District of Maryland, Baltimore Division because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5. The Plaintiff, Innovative Sports Management, Inc. t/a Integrated Sports Media, is, and at all relevant times mentioned was, a New Jersey corporation with its principal place of business located at 720 Monroe Street, Suite E303, Hoboken, NJ 07030.

6. Plaintiff is informed and believes, and alleges thereon that Defendant, El Patio International, Inc. t/a El Patio Restaurant t/a El Patio, is a business entity, having its principal place of business at 5240 Randolph Road, Rockville, MD 20852.

## COUNT I
### (Violation of 47 U.S.C. Section 605)

7. Plaintiff, Innovative Sports Management, Inc. t/a Integrated Sports Media, hereby incorporates by reference all of the allegations contained in paragraphs 1-6, inclusive, as though set forth herein at length.

8. By contract, Plaintiff Innovative Sports Management, Inc. t/a Integrated Sports Media, paid for and was thereafter granted the exclusive nationwide television distribution rights to the *CONCACAF World Cup Qualifier Tournament: Argentina v. Chile World Cup Qualifier Game* which telecast nationwide on Friday, October 7, 2011, (hereinafter referred to as the "Program").

9. Pursuant to contract, Plaintiff, Innovative Sports Management, Inc. t/a Integrated Sports Media, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Maryland, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

10. As a commercial distributor of sporting events, including the Program, Plaintiff, Innovative Sports Management, Inc. t/a Integrated Sports Media, expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

11. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named Defendant and/or its agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the Defendant were done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

12. Attached, hereto is an Affidavit from an investigator with the The Agency Inc. who observed the unlawful exhibition of Plaintiff's Program at the Defendant's commercial establishment.

13. That attached hereto is a copy of webpage from the Maryland Department of Assessments and Taxation setting forth that El Patio International, Inc. is a valid Maryland corporation.

14. 47 U.S.C. Section 605, et seq., prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff, Innovative Sports Management, Inc. t/a Integrated Sports Media, had the distribution rights thereto).

15. By reason of the aforesaid mentioned conduct, the aforementioned Defendant, and each of them, violated 47 U.S.C. Section 605, et seq.

16. By reason of the Defendant's violation of 47 U.S.C. Section 605, et seq., Plaintiff, Innovative Sports Management, Inc. t/a Integrated Sports Media, has the private right of action pursuant to 47 U.S.C. Section 605.

17. As the result of the aforementioned Defendant's violation of 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff, Innovative Sports Management, Inc. t/a Integrated Sports Media, is entitled to the following from each Defendant:

(a) Statutory damages for each violation in an amount to $10,000.00 pursuant to 47 U.S.C. 605(e)(3)(C)(i)(II), and also

(b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to 47 U.S.C. 605(e)(3)(C)(ii), and also

(c) the recovery of full costs, including reasonable attorneys fees, pursuant to 47 U.S.C. Section 605(e)(3)(B)(iii).

WHEREFORE, plaintiff prays for judgment as set forth below.

## COUNT II
### (Violation of 47 U.S.C. Section 553)

18. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set forth herein at length.

19. The unauthorized interception, exhibition, publication, and divulgence of the Program by each of the above named Defendant is prohibited by 47 U.S.C. Section 553 et seq.

20. By reason of the aforesaid mentioned conduct, the aforementioned Defendant, and each of them, violated 47 U.S.C. Section 553, et seq.

21. By reason of the Defendant's violation of 47 U.S.C. Section 553, et seq., Plaintiff, Innovative Sports Management, Inc. t/a Integrated Sports Media, has the private right of action pursuant to 47 U.S.C. Section 553.

22. As the result of the aforementioned Defendant's violation of 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff, Innovative Sports Management, Inc. t/a Integrated Sports Media, is entitled to the following from each Defendant:

(a) Statutory damages for each violation in amount to $10,000 pursuant to 47 U.S.C. Section 553(c) (3)(A)(ii), and also

(b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to 47 U.S.C. 553 (c)(3)(B), and also

(c) the recovery of full costs pursuant to 47 U.S.C. Section 553 (c)(2)(C), and also

(d) and in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to 47 U.S.C. Section 553 (c)(2)(C).

WHEREFORE, plaintiff prays for judgment as set forth below.

## COUNT III

### (Conversion)

23. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-22, inclusive, as though set forth herein at length.

24. By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned Defendant, and each of them, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

25. The aforesaid acts of each the Defendant was willful, malicious, and intentionally designed to harm Plaintiff, Innovative Sports Management, Inc. t/a Integrated Sports Media, and to subject said Plaintiff to economic distress.

26. Accordingly, Plaintiff, Innovative Sports Management, Inc. t/a Integrated Sports Media, is entitled to both compensatory, as well as punitive damages, from each of the aforementioned Defendant as the result of the Defendant's egregious conduct and conversion.

WHEREFORE, plaintiff prays for judgment as set forth below.

**As to the First Count:**

1. For statutory damages in the amount of $100,000.00 against Defendant, and each of them, and
2. For reasonable attorney fees pursuant to statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $50,000.00 against Defendant, and each of them, and;
2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against Defendant, and each of them, and;
2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Dated: 2-11-14

_____
**LAW OFFICES OF KIND & DASHOFF**
By: Richard M. Kind, Esquire   00189
Attorneys for Plaintiff
Innovative Sports Management, Inc. t/a Integrated Sports Media

_____
**LAW OFFICES OF KIND & DASHOFF**
By: Amy Keller, Esquire  29227
Attorneys for Plaintiff
Innovative Sports Management, Inc. t/a Integrated Sports Media

_____
**LAW OFFICES OF KIND & DASHOFF**
By: Erica M. Cook, Esquire  29772
Attorneys for Plaintiff
Innovative Sports Management, Inc. t/a Integrated Sports Media